IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CHINA NATIONAL CHARTERING CORP., )
n/k/a CHINA NATIONAL CHARTERING CO., LTD., )
        Plaintiff, )
         ) Case # 09 C 7629
  - VS. - )
         )
PACTRANS AIR & SEA, INC., )
         )
        Defendant. )

**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION FOR RECOGNITION, CONFIRMATION AND ENFORCEMENT**
**OF A FOREIGN ARBITRATION AWARD**

BERGER, NEWMARK & FENCHEL, P.C.
303 W. Madison Street, 23rd Floor
Chicago, IL 60606
(312) 782-5050

*Attorneys for Plaintiff*
CHINA NATIONAL CHARTERING CORP.
n/k/a CHINA NATIONAL CHARTERING CO., LTD.

1

## TABLE OF CONTENTS

| | | |
|---|---|---|
| INTRODUCTION............................................................................................... | | 3 |
| FACTS................................................................................................................ | | 3 |
| ARGUMENT....................................................................................................... | | 6 |
| A. | The Foreign Arbitration Award should be Recognized, Confirmed.............. and Enforced as a Judgment of this Court | 6 |
| | 1. The Agreement to Arbitrate................................................................. | 7 |
| | 2. Jurisdiction........................................................................................... | 8 |
| | 3. Venue.................................................................................................... | 8 |
| | 4. Proceeding to Confirm the Foreign Arbitration Award........................ | 8 |
| B. | Sinochart's Request for Attorney's Fees and Costs Should be Granted........... | 9 |
| CONCLUSION................................................................................................... | | 10 |

**PRELIMINARY STATEMENT**

Plaintiff, CHINA NATIONAL CHARTERING CORP. (now known as "CHINA NATIONAL CHARTERING CO., LTD.") (hereinafter referred to as "Sinochart"), by its undersigned counsel, Berger, Newmark & Fenchel, P.C., LLC submits the within Memorandum of Law in support of its Petition for Recognition, Confirmation, and Enforcement of a Foreign Arbitration Award published on March 31, 2009 in Sinochart's favor and against Defendant PACTRANS AIR & SEA, INC. (hereinafter "Pactrans") as a judgment of this Court. Sinochart seeks Recognition, Confirmation, and Enforcement of the Foreign Arbitration Award pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitration Awards (hereinafter "the New York Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, Chapter Two of the Federal Arbitration Act, 9 United States Code §§ 201-208. Plaintiff further seeks entry of judgment in its favor pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**FACTS**

At all times material to this action, Sinochart was, and still is, a foreign corporation, or other business entity organized and existing under foreign law and the disponent owner of the motor vessel "SANKO RALLY" (hereinafter "the Vessel"). Upon information and belief, Pactrans was, and still is, a corporation organized and existing under the laws of Illinois, with its principal place of business in Elk Grove Village, Illinois and the charterer of the Vessel.

By a charter party dated April 24, 2006 (hereinafter "the Charter Party), Sinochart chartered the Vessel to Pactrans for the carriage of certain cargoes. During the course of the Charter Party, disputes arose between the parties regarding demurrage due and owing to Sinochart under the Charter Party by Pactrans. Despite due demand, in breach of the Charter

Party, Pactrans' failed to pay the demurrage due and owing to Sinochart. As a result of Pactrans' breach of the Charter Party, Sinochart suffered losses in the total principal sum of $543,814.74.

Pursuant to the Charter Party, all disputes arising thereunder were required to be submitted to arbitration in Beijing, China. *See ¶ 25 of the Charter Party annexed to the Weiss Decl. as Exhibit "1."* Pactrans, by and through its counsel, Miller, Hamilton, Snider & Odom, LLC, agreed to have the China Maritime Arbitration Commission (hereinafter "CMAC") in Beijing, China as the arbitration tribunal in which Sinochart's demurrage claims would be adjudicated. *See Letter from Gregory C. Buffalow dated August 8, 2007 annexed to the Weiss Decl. as Exhibit "2."* Further, pursuant to the Charter Party, Chinese law applied to all disputes between the parties under the Charter Party. *See Weiss Decl., Exhibit "1."* Thus, Sinochart commenced arbitration in CMAC against Pactrans on its claims for demurrage due and owing under the Charter Party. Pactrans was given proper notice of the arbitration under Chinese law. Further, Pactrans appointed its own arbitrator, answered Sinochart's claims and/or otherwise materially participated in the arbitration proceedings.

On March 31, 2009 the CMAC tribunal issued a Final Arbitration Award (hereinafter "Final Award") in Sinochart's favor and against Pactrans. *See Final Arbitration Award dated March 31, 2009 annexed as Exhibit "3" to the Weiss Decl.* Pursuant to the Final Award, Pactrans is to pay to Sinochart: the Demurrage Charge of $543,814.74; interest on the Demurrage Charge of 6.3% from August 2, 2006 through the date of payment by Pactrans; attorneys' fees and handling fees of RMB 320,000.00 and $58,218.00; and the Arbitration Application fee of RMB 58,588.00. Further, each of the amounts awarded to Sinochart were to be paid within 30 days following the issuance of the Final Award. The Final Award issued in

4

Sinochart's favor and against Pactrans is binding on the parties, and it is final and enforceable in Beijing, China.

In accordance with the Final Award, Sinochart is entitled to recover the following amounts:

| | | | |
|---|---|---|---|
| A | Principal Claim:<br>*The Demurrage Charge* | | $543,814.74 |
| B. | Interest on Principal Claim:<br>*From August 2, 2006 through*<br>*September 1, 2009 (approx. date of payment)* | | $112,790.40 |
| C. | Attorney fees and handling fees:<br>   RMB 320,000.00 ($46,838.41)[1]<br>   $58,218.00 | | $105,056.41 |
| D. | Arbitration Application fee: | RMB 58,588.00 | $8,575.53[2] |
| **Total** | | | **$770,237.08** |

Sinochart now Petitions the Court for recognition, confirmation and enforcement of the Foreign Arbitration Award issued on March 31, 2009 and rendered in Sinochart's favor and against Pactrans, as a Judgment of this Court. Sinochart further requests that it be awarded the attorneys' fees and costs it has incurred, and will incur, in confirming and enforcing the Foreign Arbitration Award as a Judgment of this Court. For the reasons stated herein, Sinochart's Petition should be granted and the CMAC Final Award should be recognized, confirmed and enforced as a Judgment of this Court and Sinochart's request for attorneys' fees and costs should be granted.

## ARGUMENT

### THE FOREIGN ARBITRATION AWARD SHOULD BE RECOGNIZED, CONFIRMED AND ENFORCED AS A JUDGMENT OF THIS COURT

---

[1] Currency conversion as of July 16, 2009.
[2] Currency conversion as of July 16, 2009.

5

### A. The Foreign Arbitration Award should be Recognized, Confirmed and Enforced as a Judgment of this Court.

The Court should recognize, confirm and enforce the Final Award rendered in Sinochart's favor and against Pactrans in the CMAC Tribunal pursuant to the New York Convention. The New York Convention applies to awards "not considered domestic awards in the state their recognition and enforcement are sought." 9 U.S.C. § 201, Art. I, 330 U.N.T.S. at 38.

#### 1. The Agreement to Arbitrate

Under the Convention, as implemented by the FAA, to enforce the arbitral award the party seeking such enforcement must show that the arbitration agreement and award fall within the purview of the FAA. As stated in 9 U.S.C. § 202, arbitration agreements or awards must be commercial to be within the coverage of the FAA. Commerce is broadly defined by 9 U.S.C. § 1 to mean "commerce among the several states or with foreign nations." The arbitration clause contained in the Charter Party between Sinochart and Pactrans arose out of a legal relationship considered to be commercial and covered transactions involving commerce as defined by 9 U.S.C. § 2 and thus falls under the umbrella of the FAA. 9 U.S.C. § 202 provides in pertinent part as follows:

> Sec. 202 - Agreement or award falling under the Convention.
>
> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section of this title, falls under the Convention.

9 U.S.C. § 202.

As stated above, Sinochart and Pactrans agreed to submit their respective claims to binding arbitration in Beijing, China pursuant to the Charter Party. Therefore, under 9 U.S.C. §

6

202, this Court may properly recognize, confirm and enforce the Final Award rendered in Sinochart's favor and against Pactrans because the agreement to arbitrate was set forth in a contract for transactions in commerce and expressly recognized by the FAA.

Based on the foregoing, therefore, the Final Award is a non-domestic award to which the New York Convention applies and is appropriate for recognition, confirmation and enforcement by this Honorable Court.

### 2. Jurisdiction

This Court has jurisdiction over this proceeding under the New York Convention. 9 U.S.C. § 203 provides that the district courts of the United States have original jurisdiction over actions or proceedings falling under the Convention. 9 U.S.C. § 203. By reason of the plain import of the New York Convention, there can be no dispute regarding this Court's jurisdiction over this proceeding.

### 3. Venue

This Court is a proper venue under 9 U.S.C. § 204, which states "an action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought . . . ." 9 U.S.C. § 204.

The United States District Court for the Northern District of Illinois is an appropriate venue because Pactrans is an Illinois corporation with offices in Elk Grove Village, Illinois. Thus, this Court is a competent authority and constitutes a proper venue for this proceeding.

### 4. Proceeding to Confirm the Arbitration Award

The New York Convention at § 207 provides the procedural mechanism by which Sinochart may enforce the Final Award. This section provides as follows:

§ 207. Award of arbitrators; confirmation; jurisdiction; proceeding

Within three years after an arbitral award falling under this Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention.

28 U.S.C. § 207.

The Final Award in Sinochart's favor and against Pactrans was issued on March 31, 2009. Thus, Sinochart's application is timely and it began the process of enforcing the Final Award well before three years had elapsed.

Furthermore, as set forth above, this Court has jurisdiction over this proceeding and Sinochart is entitled to an Order granting the application. Sinochart respectfully submits that there exist no grounds under the New York Convention upon which this Court could refuse or defer recognition and enforcement of the Final Award. In any event, the burden of proof rests upon a party resisting enforcement. *See Willemijn Houdstermaatschappig v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) ("the showing required to avoid summary confirmation of an arbitration award is high and a party moving to vacate the award has the burden of proof").

In light of the foregoing, Sinochart respectfully submits that the Final Award is subject to recognition and enforcement pursuant to the New York Convention and should be recognized and confirmed as a Judgment of this Court. Upon confirmation, Plaintiff is entitled to entry of a final judgment in its favor and against Pactrans under FRCP Rule 54(b) because the Final Award resolved all claims between the parties and because entry of final judgment against Pactrans will result in the conservation of judicial resources and will not prejudice any party. *Generica Limited v. Pharmaceutical basics, Inc., et.al.*, 1996 U.S. Dist. Lexis 13716, (N. D. Il. 1996).

## SINOCHART SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS IN BRINGING THIS ACTION AS PACTRANS REFUSES TO ABIDE BY THE ARBITRATORS' DECISION WITHOUT JUSTIFICATION

"The district court, under its inherent equitable powers, may award attorneys' fees where a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be properly awarded." *Universal Computer Servs. v. Dealer Servs.*, 2003 U.S. Dist. LEXIS 12237 (S.D.N.Y. 2003).

Here, Pactrans has failed to pay the amounts due and owing under the binding Final Award within thirty (30) days of March 31, 2009, the date the Final Award was issued, as ordered by the CMAC tribunal, nor has it offered any justification for such failure. *See Letter dated April 28, 2009 annexed as Exhibit "4" to the Weiss Decl.* Like the Respondent in *Universal Computer Servs.*, Pactrans has only itself to blame for the attorneys' fees and costs Sinochart will incur in confirming and enforcing the Final Award as a Judgment of this Court. *Id.* at *8. Thus, Sinochart requests that the Court award it the attorney's fees and costs it will incur in seeking to confirm and enforce the Final Award as a Judgment of this Court.

As the equities are in Sinochart's favor and Pactrans has failed to pay under the Final Award within the time ordered by the CMAC tribunal, Sinochart request for attorney's fees and costs should be granted.

## CONCLUSION

WHEREFORE, as Pactrans has failed to make any payment under the Final Award and the Award is final and binding, Sinochart respectfully requests that it be duly recognized, confirmed and enforced and that judgment be rendered in favor of Sinochart and against Pactrans

in the total sum amount of **$770,237.08**, which represents amounts due under the Final Award. Further, Sinochart respectfully requests that it be awarded its attorneys fees and costs.

Dated: December 8, 2009

        CHINA NATIONAL CHARTERING CORP.
        n/k/a CHINA NATIONAL CHARTERING CO., LTD.
                              Plaintiff,

        <u>s// Steven C. Weiss</u>
        Steven C. Weiss
        Berger, Newmark & Fenchel P.C.
        303 W. Madison Street
        23rd Floor
        Chicago, IL 60606
        sweiss@bnf-law.com
        (312) 782-5050

ARDC # 3124273